# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10966
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

QUALAN BULLOCK,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-420-1

_____

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Qualan Bullock pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Bullock contends that the district court erred when it enhanced his offense level by four for possessing a firearm "in connection with another felony offense" per U.S.S.G. § 2K2.1(b)(6)(B).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-10966

We review the sentencing court's factual findings for clear error. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013) (internal quotation marks and citation omitted).

The district court did not err in holding that Bullock was involved in drug distribution offenses for purposes of the enhancement. *See Alcantar*, 733 F.3d at 146-48; *Trujillo*, 502 F.3d at 357; § 2K2.1, comment. (n.14(B)(ii)). We need only find that the district court's inferences are plausible, which they are in light of the record. *Coleman*, 609 F.3d at 708. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (internal quotation marks and citation omitted). Bullock's various contentions—his challenging of the district court's consideration of the quantity of drugs that he possessed, his possession of a scale, and his conversation with his girlfriend—are unavailing. *See United States v. Juarez*, 626 F.3d 246, 256 (5th Cir. 2010).

The district court's judgment is AFFIRMED.